**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

MTO SUMMERLIN LLC,

    Plaintiff,

vs.

THE SHOPS AT SUMMERLIN NORTH, LP,

    Defendant.

Case No.: 2:18-cv-00737-GMN-PAL

**ORDER**

Pending before the Court is the Motion for Summary Judgment, (ECF Nos. 4, 8), filed by Defendant The Shops at Summerlin North, LP ("Defendant"). Plaintiff MTO Summerlin LLC ("Plaintiff") filed a Response, (ECF No. 15), and Defendant filed a Reply, (ECF Nos. 25, 27).

Also pending before the Court is Plaintiff's Countermotion for Federal Rule of Civil Procedure ("Rule") 56(d) Discovery, (ECF No. 18). Defendant filed a Response, (ECF Nos. 26, 28), and Plaintiff filed a Reply, (ECF No. 35).

Also pending before the Court are Defendant's Motion to Redact and Seal its Motion for Summary Judgment, (ECF No. 7), and Motion for Leave to File Redacted Reply in Support of Motion for Summary Judgment and Redacted Response to Plaintiff's Motion for Rule 56(d) Discovery,[1] (ECF No. 24).

---

[1] Local Rule IA 10-5(a) provides that "papers filed with the court under seal must be accompanied by a motion for leave to file those documents under seal." L.R. IA 10-5(a). While Defendant filed a sealed Reply, (ECF No. 27), and a sealed Response, (ECF No. 28), Defendant did not file motions seeking leave to seal those documents. Thus, the Court will construe Defendant's Motion for Leave to File Redacted Reply in Support of Motion for Summary Judgment and Redacted Response to Plaintiff's Motion for Rule 56(d) Discovery, (ECF No. 24), as a motion to seal its Reply, (ECF No. 27), and Response, (ECF No. 28).

## I. BACKGROUND

This case arises from a commercial lease dispute. (Mot. Summ. J. ("MSJ") 2:5, ECF No. 8). Plaintiff is a tenant operating MTO Café in Downtown Summerlin, a commercial development located in Las Vegas, Nevada. (*Id.* 2:5–6); (*see* Resp. 2:21–24, ECF No. 15). Defendant owns the retail mall area of Downtown Summerlin and is Plaintiff's landlord. (MSJ 2:6–7); (*see* Resp. 2:4–6). In 2014, Defendant and Plaintiff entered into a commercial lease contract ("MTO Lease") containing an exclusive use provision ("Exclusive Use Provision"), which states in pertinent part:

> In the event Landlord shall lease, after the Effective Date, space in the area of the Shopping Center bounded by the following roads: north of Sage Park Drive, south of Summerlin Centre Drive, west of Summa Drive and east of Pavilion Center Drive, to an occupant other than Tenant primarily operating as a full-service (i.e., table service, orders taken by waitstaff and food delivered to the table) restaurant offering primarily a breakfast menu throughout the entire day with menus similar to tenants currently operating as Egg and I, Broken Yolk, Hash House a Gogo, Waffle House, The Eggworks, Bagel Café or similar establishments (the "Permitted Merchandise") (i) such circumstance shall not constitute a breach or default by Landlord hereunder; and (ii) Tenant may, after written notice to Landlord and Landlord's failure, within sixty (60) days after Landlord's receipt of such notice, to cause such other occupant(s) to cease offering such Permitted Merchandise for retail sale, reduce the then-effective Minimum Annual Rental otherwise payable hereunder by fifty percent (50%).

(MTO Lease, art. VI § 6.04(a), Ex. B to MSJ, ECF No. 9); (Resp. 3:14–28).

In December 2017, Makers & Finders Coffee, a restaurant serving breakfast food and other food and beverage items, opened in the retail mall area of Downtown Summerlin. (Resp. 4:11–5:3); (MSJ 4:18). On January 25, 2018, Plaintiff gave notice to Defendant under the Exclusive Use Provision of the MTO Lease, claiming that the menu of Makers & Finders Coffee implicates the restrictions on the Permitted Merchandise, and advised of its intent to reduce its rent by 50 percent. (Resp. 5:23–6:1). However, Defendant did not grant the rent reduction. (*See id.* 15:21–24)

On April 4, 2018, Plaintiff filed its Complaint in Clark County District Court, alleging the following claims: (1) declaratory relief "pursuant to NRS Chapter 30," Uniform Declaratory Judgment Act; (2) breach of contract; (3) breach of the implied covenant of good faith and fair dealing; and (4) unjust enrichment. (*See* Compl. 3:10–6:25, 7:9–10, ECF No. 1-2). On April 23, 2018, Defendant removed to the District of Nevada invoking the Court's diversity jurisdiction. (Notice of Removal ¶¶ 4–8, ECF No. 1). On April 27, 2018, Defendant moved for summary judgment. Plaintiff subsequently filed a Countermotion for Rule 56(d) Discovery.

## II. DISCUSSION

The Court will first address Defendant's Motion for Summary Judgment and Plaintiff's Countermotion for Rule 56(d) Discovery. The Court will next consider Defendant's Motions to Seal. Lastly, the Court will address its subject matter jurisdiction over the instant case.

### A. Summary Judgment

#### 1. Legal Standard

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.* "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (citing *United States v. Shumway*, 199 F.3d 1093, 1103–04 (9th Cir. 1999)). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

### *2.     Analysis*

Defendant moves for summary judgment arguing, *inter alia*, that Makers & Finders Coffee does not implicate the Exclusive Use Provision because it is "not 'primarily' a breakfast establishment as it serves a handful of breakfast and lunch items simultaneously from its opening until 3:00 in the afternoon. Notably, the breakfast and lunch items are secondary to the coffee service—because Makers & Finders Coffee is a coffee shop." (MSJ 9:26–28, ECF No. 8) (emphasis removed) (citation omitted). Defendant further argues that Makers & Finders Coffee "is not even located within the geographic area described" in the Exclusive Use Provision, and therefore the opening of Makers & Finders Coffee does not implicate the provision. (*Id.* 9:7–9).

Plaintiff responds that Makers & Finders Coffee primarily offers a breakfast menu throughout the entire day with menus similar to MTO Café's and other businesses identified as examples in the MTO Lease. (Resp. 11:5–7, ECF No. 15). As such, Makers & Finders Coffee implicates the Exclusive Use Provision. (*See id.*). Plaintiff also counters that the geographic description provided in the Exclusive Use Provision is a result of a mutual mistake as "no plot of land could simultaneously be east of Pavilion Center Drive and west of Summa Drive[.]" (*Id.* 12:19–13:2). In addition to these arguments, and others which the Court need not address at this time, Plaintiff countermoves pursuant to Rule 56(d), asserting that further discovery is warranted and that Defendant's Motion for Summary Judgment "was made prematurely." (Countermot. 2:2–4, ECF No. 18).

Rule 56(d) provides that, prior to the entry of summary judgment, the opposing party must have sufficient opportunity to discover information essential to its position. Fed. R. Civ. P. 56(d); *see also Portland Retail Druggists Ass'n v. Kaiser Found. Health Plan*, 662 F.2d 641, 645 (9th Cir. 1981) ("Implicit in the opportunity to respond is the requirement that sufficient time be afforded for discovery necessary to develop facts essential to justify a party's opposition to the motion [for summary judgment]."). Under Rule 56(d), "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d).

Here, Plaintiff argues, with support from an affidavit, that discovery of certain issues would be necessary in order to fully articulate its opposition to Defendant's Motion for Summary Judgment. (Puoy Aff. ¶¶ 3–5, ECF No. 18). Plaintiff argues that such issues include "the parties' intentions regarding the geographic radius," "the sales of Makers and Finders," and whether "Makers and Finders [has] a kitchen that serves breakfast," among others. (*Id.*). Plaintiff further explains that several terms within the Exclusive Use Provision are susceptible to more than one reasonable interpretation. (*See generally* Plf.'s Reply 7:24–14:22, ECF No. 35). Therefore, it seeks to conduct discovery regarding the intention of the parties in order to determine whether Makers & Finders Coffee "meets the definition in the exclusive use provision." (*Id.* 14:23–15:22).

The Court finds that further discovery is warranted in this case. Indeed, Defendant moved for summary judgment less than one month after Plaintiff filed its Complaint. As such, Plaintiff has not had sufficient opportunity to discover information essential to its position. Accordingly, the Court **DENIES** Defendant's Motion for Summary Judgment, (ECF Nos. 4, 8),

without prejudice as premature. Further, the Court **GRANTS** Plaintiff's Motion for Rule 56(d) Discovery, (ECF No. 18), so that the parties can proceed with discovery in this case.

### B. Defendant's Motions to Seal

Generally, the public has a right to inspect and copy judicial records and documents. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citation omitted). Such records are presumptively publicly accessible. *Id.* Consequently, a party seeking to seal a judicial record "bears the burden of overcoming this strong presumption." *Id.* "A 'good cause' showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions." *Id.* at 1180 (citing *Foltz v. State Farm Mutual Auto. Ins. Co.*, 331 F.3d 1122, 1135–36 (9th Cir. 2003)). However, "[t]hose who seek to maintain the secrecy of documents attached to dispositive motions [and related materials] must meet the high threshold of showing that 'compelling reasons' support secrecy." *Id.* Compelling reasons exist when "such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1178 (internal quotations and citations omitted). Furthermore, compelling reasons must be "supported by specific factual findings," that outweigh the traditional right of public access. *Id.* at 1178–79 (citations omitted).

Here, Defendant seeks to seal a dispositive motion and related materials—namely, its Motion for Summary Judgment, (ECF No. 8); its Reply in Support of its Motion for Summary Judgment, (ECF No. 27); and its Response to Plaintiff's Motion for Rule 56(d) Discovery, (ECF No. 28). Defendant also seeks to seal the MTO Lease, submitted as Exhibit B to its Motion for Summary Judgment; and the lease creating Makers & Finders Coffee's tenancy, submitted as Exhibit C to its Motion for Summary Judgment. (*See* MTO Lease, Ex. B to MSJ, ECF No. 9); (Westmill Lease, Ex. C to MSJ, ECF No. 9). As such, Defendant must provide the

Court with compelling reasons supported by specific factual findings, that outweigh the traditional right of public access. *Kamakana*, 447 F.3d at 1178.

In its Motions to Seal, Defendant summarily asserts that "compelling reasons" support the sealing of the above-mentioned filings because the leases "specifically provide that the terms of the leases are confidential." (Mot. to Seal MSJ 3:16–17, ECF No. 7); (Mot. to Seal Reply and Resp. 3:18–19, ECF No. 24). Thus, Defendant argues that the leases, and documents quoting the leases should be sealed. Nevertheless, Defendant provides no further explanation, and thus fails to show compelling reasons supported by specific factual findings, that outweigh the traditional right of public access. Accordingly, Defendant's Motions to Seal, (ECF Nos. 7, 24), are **DENIED**.

### C. Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction, possessing only those powers granted by the Constitution and by statute. *See United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008) (citation omitted). For this reason, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Additionally, court may raise the question of subject matter jurisdiction *sua sponte* at any time during the action. Fed. R. Civ. P. 12(h)(3); *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002).

District courts have jurisdiction in two instances. First, district courts have subject matter jurisdiction over civil actions that arise under federal law. 28 U.S.C. § 1331. Second, district courts have subject matter jurisdiction over civil actions where no plaintiff is a citizen of the same state as a defendant and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). "Removal statutes are to be 'strictly construed' against removal jurisdiction. *Nevada v. Bank of America Corp.*, 672 F.3d 661, 667 (9th Cir. 2012) (quoting *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002)). Furthermore, "[a] party invoking the federal court's

jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996).

Here, Defendant removed the instant action based solely on diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1). (Notice of Removal ¶¶ 4–8, ECF No. 1). Thus, it is Defendant's burden to show that the parties are completely diverse. To that end, Defendant indicates that it is a limited partnership and that "[n]o defendant is a citizen of Nevada. [Defendant] is an entity created pursuant to the laws of the State of Delaware with its principal place of business located in Dallas, Texas." (Removal Statement ¶ 3, ECF No. 11); (*see also* Notice of Removal ¶ 5). Defendant further states that Plaintiff is a limited liability company and "is an entity created pursuant to the laws of the State of Nevada with its principal place of business located in Nevada." (Removal Statement ¶ 3).

However, for purposes of diversity jurisdiction, a limited partnership is a citizen of all of the states of which its partners are citizens, and a limited liability corporation "is a citizen of all of the states of which its owners/members are citizens." *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir.2006); *see also Carden v. Arkoma Assocs.*, 494 U.S. 185, 110 (1990). Because Defendant has only identified the state where each entity was created, and each entity's principal place of business, Defendant has not satisfied its burden of proving the actual existence of subject matter jurisdiction.

Accordingly, the Court orders Defendant to show cause as to why the Court should not remand this action to Clark County District Court for failure to satisfy the diversity jurisdiction requirements set forth in 28 U.S.C. § 1332. Specifically, Defendant must provide the citizenships of each of its members, and if any of those members are themselves limited liability companies, partnerships, or other types of unincorporated associations, Defendant must provide their citizenships as well. *See Colombia Props. Anchorage*, *LP*, 437 F.3d at 899. Similarly, Defendant must provide the citizenships of each of Plaintiff's partners, and if any of

those partners are themselves limited liability companies, partnerships, or other types of unincorporated associations, Defendant must provide their citizenships as well. *See id.* Defendant shall have fourteen days from the entry of this Order, to file a brief, not to exceed ten pages, demonstrating that the Court has subject matter jurisdiction over this action. Failure to comply with this Order will result in this case being remanded to Clark County District Court.

Further, if Plaintiff wishes to address the jurisdictional issues implicated by this Order, Plaintiff shall have fourteen days from the entry of this Order, to file a brief, not to exceed ten pages, discussing the concerns herein raised.

## III. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment, (ECF Nos. 4, 8), is **DENIED without prejudice as premature**.

**IT IS FURTHER ORDERED** that Plaintiff's Countermotion for Rule 56(d) Discovery, (ECF No. 18), is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Redact and Seal, (ECF No. 7), and Motion for Leave to File Redacted Reply and Response, (ECF No. 24), are **DENIED**. All documents filed under seal shall be immediately unsealed by the Clerk.

**IT IS FURTHER ORDERED** that Defendant shows cause as to why the Court should not remand this action to Clark County District Court for failure to satisfy the diversity jurisdiction requirements set forth in 28 U.S.C. § 1332. Specifically, Defendant must provide the citizenships of each of its members, and if any of those members are themselves limited liability companies, partnerships, or other types of unincorporated associations, Defendant must provide their citizenships as well. Similarly, Defendant must provide the citizenships of each of Plaintiff's partners, and if any of those partners are themselves limited liability companies, partnerships, or other types of unincorporated associations, Defendant must provide their

citizenships as well. Defendant shall have fourteen days from the entry of this Order, to file a brief, not to exceed ten pages, demonstrating that the Court has subject matter jurisdiction over this action. Failure to comply with this Order will result in this case being remanded to the Eighth Judicial District Court.

**IT IS FURTHER ORDERED** that if Plaintiff wishes to address the jurisdictional issues implicated by this Order, Plaintiff shall have fourteen days from the entry of this Order, to file a brief, not to exceed ten pages, discussing the concerns herein raised.

**DATED** this __19__ day of March, 2019.

_____
Gloria M. Navarro, Chief Judge
United States District Court